# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| JAMES JONES, individually and as representative of the class, | Case No. _____ |
| Plaintiff, | |
| v. | CLASS ACTION COMPLAINT (JURY TRIAL DEMANDED) |
| PRESBYTERIAN HOMES AND SERVICES, INC., | |
| Defendant. | |

Plaintiff James Jones ("Plaintiff"), by and through his attorneys, and on behalf of himself, the Putative Class set forth below, and in the public interest, brings the following Class Action Complaint against Presbyterian Homes and Services, Inc. ("Defendant" or "Presbyterian Homes"), pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA").

## PRELIMINARY STATEMENT

1. Presbyterian Homes routinely obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently relies on such information, in whole or in part, as a basis for adverse employment action, such as termination.

2. While the use of consumer report information for employment purposes is not *per se* unlawful, it is subject to strict requirements under the FCRA. Presbyterian

1

Homes has willfully violated these requirements, in systematic violation of Plaintiff's rights and the rights of other members of the Putative Class.

3. Presbyterian Homes violated 15 U.S.C. § 1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other Putative Class members for employment purposes without first making the proper disclosures in the format required by the statute. Under the FCRA, Presbyterian Homes is required to make a clear and conspicuous disclosure to its employees and prospective employees—in a document that consists solely of the disclosure—that it may obtain a consumer report on them for employment purposes, prior to obtaining a copy of their consumer report. Presbyterian Homes willfully violated this requirement in at least two ways: (1) by burying a purported disclosure and authorization on the last page of a multi-page job application; and (2) by inserting an extraneous liability release on the portion of a job application that purports to grant Presbyterian Homes the authority to obtain and use consumer report information. Both of these practices violate longstanding regulatory guidance from the Federal Trade Commission ("FTC").

4. Presbyterian Homes also violated 15 U.S.C. § 1681b(b)(2)(A)(ii) by procuring consumer reports on Plaintiff and the other Putative Class members without proper authorization due to the fact that its disclosure forms failed to comply with the requirements of the FCRA.

5. Based on the foregoing violations, Plaintiff asserts FCRA claims against Presbyterian Homes on behalf of himself and a Putative Class consisting of Presbyterian Homes employees and prospective employees. Specifically, Plaintiff asserts FCRA

2

claims under 15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii) on behalf of all employees and prospective employees of Presbyterian Homes in the United States who were the subject of a consumer report that was procured by Presbyterian Homes (or that Presbyterian Homes caused to be procured) on or after September 13, 2010.

6. On behalf of himself and the Putative Class, Plaintiff seeks statutory damages, punitive damages, costs and attorneys' fees, and other appropriate relief pursuant to the FCRA.

## THE PARTIES

7. Individual and representative Plaintiff James Jones lives and worked in this judicial district, and is a resident of Crystal, Minnesota (Hennepin County). Plaintiff is a former employee of Presbyterian Homes, and is a member of the Putative Class defined below.

8. Defendant Presbyterian Homes and Services, Inc. is a Minnesota nonprofit corporation with a registered office address at 2845 North Hamline Avenue, Roseville, MN 55113.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331.

10. Venue is proper in the United States District Court for the District of Minnesota pursuant to 28 U.S.C. § 1391. Plaintiff resides in Minnesota, worked for Presbyterian Homes in Minnesota, and his claims arise, in substantial part, in Minnesota.

Presbyterian Homes regularly conducts business in Minnesota and is subject to personal jurisdiction in this district.

## PRESBYTERIAN HOMES'S BUSINESS PRACTICES

11. Presbyterian Homes conducts criminal background checks on job applicants.

12. Presbyterian Homes does not perform these background checks in-house. Presbyterian Homes has relied on outside consumer reporting firms, including Verifications, Inc., to obtain background check information.

13. The reports obtained by Presbyterian Homes constitute "consumer reports" for purposes of the FCRA because they contain information bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living that is used for the purpose of serving as a factor in establishing the consumer's eligibility for employment purposes.

14. Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

> (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and
>
> (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report.

15 U.S.C. § 1681b(b)(2)(A).

15. During the timeframe relevant to this dispute, Presbyterian Homes did not satisfy these disclosure and authorization requirements.

16. During the relevant timeframe, Presbyterian Homes used a standard employment application form for its applicants. (Ex. 1 (application).) The last page of the application contained a purported disclosure and authorization. (*Id.*, p. 8.) However, it was not the required standalone FCRA disclosure and/or authorization form.

17. This practice violates the plain language of the statute, and flies in the face of unambiguous case law and regulatory guidance from the FTC. *See, e.g., E.E.O.C. v. Video Only, Inc.*, No. 06-1362, 2008 WL 2433841, at *11 (D. Or. June 11, 2008) ("I grant summary judgment of liability that Video Only violated . . . 15 § 1681b(b)(2)(A)(I). This section provides that at any time before the report is procured, a disclosure is made in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes. Video Only disclosed this possibility as part of its job application, which is not a document consisting solely of the disclosure."); Ex. 2 (Leathers (9/9/98)) ("The disclosure may not be part of an employment application . . . . A disclosure that is combined with many items in an employment application -- no matter how 'prominently' it appears -- is not 'in a document that consists solely of the disclosure' as required by [1681b(b)(2)(A)]."); Ex. 3 (FTC Staff Report) at 51 ("The disclosure cannot be part of a printed employment application.").

18. By burying its purported disclosure and authorization on the last page of a multi-page job application, Presbyterian Homes willfully disregarded case law and regulatory guidance, and willfully violated 15 U.S.C. § 1681b(b)(2)(A) by procuring

consumer report information on employees without complying with the disclosure and authorization requirements of the statute.

19. Moreover, Presbyterian Homes's purported "disclosure" is not in a document that consists solely of the disclosure and authorization to obtain consumer report information. The application includes the following purported release: "I specifically release and waive any and all claims, including, but not necessarily limited to, claims for defamation, libel, and slander, that I may have against any individual or institution as a result of compliance with Presbyterian Homes & Services' request for information." (Ex. 1, p. 8.)

20. The insertion of this purported release in the disclosure is also contrary to the plain language of the statute and longstanding regulatory guidance. The FTC has warned that "the form should not include any extraneous information." Ex. 4 (Hauxwell (6/12/98)). In fact, the FTC has specifically warned that "[t]he inclusion of such a waiver [of liability] in a disclosure form will violate Section 604(b)(2)(A) of the FCRA [15 U.S.C. §§ 1681b(b)(2)(A)], which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes." *Id.*; *see also Singleton v. Domino's Pizza, LLC*, 2012 WL 245965, at *9 (D. Md. Jan. 25, 2012) ("Ultimately, both the statutory text and FTC advisory opinions indicate that an employer violates the FCRA by including a liability release in a disclosure document.").

21. By including the purported disclosure on a page including extraneous information, Presbyterian Homes willfully disregarded this longstanding regulatory guidance, and willfully violated 15 U.S.C. § 1681b(b)(2)(A) by procuring consumer

6

report information on employees without complying with the disclosure and authorization requirements of the statute.

## ALLEGATIONS RELATING TO PLAINTIFF

22. In approximately mid-September 2010, Plaintiff applied for a position as a chef with Presbyterian Homes, and filled out Presbyterian Homes's standard employment application. (*See* Ex. 1.) As set forth above, the purported disclosure and authorization contained in the application did not comply with the requirements of the FCRA.

23. On or around October 21, 2010, Presbyterian Homes obtained a background check on Plaintiff from Verifications, Inc. (Ex. 5 (Verifications report).) It was unlawful for Presbyterian Homes to procure this consumer report on Plaintiff without making the disclosure and obtaining the authorization required by the FCRA.

24. Plaintiff was subsequently hired to work for Presbyterian Homes in the company's Bloomington, Minnesota location. He was later transferred to the Castle Ridge facility in Eden Prairie.

25. In approximately May 2012, Plaintiff was asked to transfer to Presbyterian Homes's Founder's Ridge facility in Bloomington.

26. As part of the transfer, Plaintiff was required to submit to another background check. Thereafter, after one day of work at Founder's Ridge, Plaintiff was told to stay home, and that he was on administrative leave because of his background check.

27. Plaintiff was then terminated.

## CLASS ACTION ALLEGATIONS

28. Plaintiff asserts his claims on behalf of a Putative Class defined as follows:

All employees and prospective employees of Presbyterian Homes in the United States who were the subject of a consumer report that was procured by Presbyterian Homes (or that Presbyterian Homes caused to be procured) on or after September 13, 2010.

29. <u>Numerosity</u>: The Putative Class is so numerous that joinder of all class members is impracticable. Presbyterian Homes regularly obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently relies on such information, in whole or in part, as a basis for adverse employment action. Plaintiff is informed and believes that during the relevant time period, hundreds of Presbyterian Homes employees and prospective employees satisfy the Putative Class definition.

30. <u>Typicality</u>: Plaintiff's claims are typical of the members of the Putative Class. Presbyterian Homes typically uses consumer reports to conduct background checks on employees and prospective employees. Presbyterian Homes has required job applicants to complete, on the last page of a standard job application, a purported authorization that includes a liability release. The FCRA violations suffered by Plaintiff are typical of those suffered by other Putative Class members, and Presbyterian Homes treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

31. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the Putative Class, and has retained counsel experienced in complex class action litigation.

32. <u>Commonality</u>: Common questions of law and fact exist as to all members of the Putative Class and predominate over any questions solely affecting individual members of the Putative Class, including but not limited to:

   a. Whether Presbyterian Homes used consumer report information to conduct background checks on employees and prospective employees;

   b. Whether Presbyterian Homes provided employees and prospective employees the disclosure and authorization required by the FCRA prior to causing consumer report information to be procured for employment purposes;

   c. Whether Presbyterian Homes violated the FCRA by failing to provide employees and prospective employees the disclosure and authorization required by the FCRA prior to causing consumer report information to be procured for employment purposes;

   d. Whether Presbyterian Homes's violations of the FCRA were willful;

   e. The proper measure of statutory damages;

   f. The proper measure of punitive damages; and

   g. The proper form of injunctive and declaratory relief.

33. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the Putative Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual Class member's claim as a separate action would potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

34. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Presbyterian Homes has acted or refused to act on grounds that apply generally to the Putative Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

35. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Putative Class predominate over any questions affecting only individual members of the Putative Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against Defendant, as the amount of each Class member's individual claims is small compared to the expense and burden of individual prosecution, and Plaintiff is unaware of any similar claims brought against Defendant by any members of the Putative Class on an individual basis. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single forum.

36. Plaintiff intends to send notice to all members of the Putative Class to the extent required by Rule 23. The names and addresses of the Putative Class members are available from Defendant's records.

## FIRST CLAIM FOR RELIEF
### Failure to Make Proper Disclosure in Violation of the FCRA
### 15 U.S.C. § 1681b(b)(2)(A)(i)

37. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

38. The employment application completed by Plaintiff and other members of the Putative Class does not satisfy the disclosure requirements of 15 U.S.C. § 1681b(b)(2)(A)(i) because the purported disclosure (1) is not a stand-alone document, (2) is buried on the last page of a multi-page employment application, and (3) includes an extraneous liability release.

39. Presbyterian Homes violated the FCRA by procuring consumer reports relating to Plaintiff and other Putative Class members without first making proper disclosure in the format required by 15 U.S.C. § 1681b(b)(2)(A)(i).

40. The foregoing violations were willful. Presbyterian Homes knew that under the FCRA a consumer report may not be procured or caused to be procured for employment purposes without the proper disclosure required by 15 U.S.C. § 1681b(b)(2)(A)(i). Presbyterian Homes acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Class members under 15 U.S.C. § 1681b(b)(2)(A)(i). Presbyterian Homes's willful conduct is reflected by, among other things, the following facts:

   a. Presbyterian Homes is a large company with access to legal advice through its own office and outside counsel, and there is no contemporaneous evidence that it determined that its conduct was lawful;

    b. Presbyterian Homes knew or had reason to know that its conduct was inconsistent with published FTC guidance and the plain language of the statute; and

    c. Presbyterian Homes voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

41. Plaintiff and the Putative Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

42. Plaintiff and the Putative Class are entitled to punitive damages pursuant to 15 U.S.C. § 1681n(a)(2).

43. Plaintiff and the Putative Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

### SECOND CLAIM FOR RELIEF
**Failure to Obtain Proper Authorization in Violation of FCRA**
**15 U.S.C. § 1681b(b)(2)(A)(ii)**

44. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

45. Presbyterian Homes violated the FCRA by procuring consumer reports relating to Plaintiff and other Putative Class members without proper authorization. *See* 15 U.S.C. § 1681b(b)(2)(A)(ii).

46. The foregoing violations were willful. Presbyterian Homes acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Putative Class members under 15 U.S.C. § 1681b(b)(2)(A)(ii). Presbyterian Homes's willful conduct is reflected by, among other things, the facts set forth in Count I.

47. Plaintiff and the Putative Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

48. Plaintiff and the Putative Class are entitled to punitive damages pursuant to 15 U.S.C. § 1681n(a)(2).

49. Plaintiff and the Putative Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## PRAYER FOR RELIEF

50. WHEREFORE, Plaintiff, on behalf of himself and the Putative Class, prays for relief as follows:

   A. Determining that this action may proceed as a class action under Rule 23(b)(1), (2) and (3) of the Federal Rules of Civil Procedure;

   B. Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

   C. Issuing proper notice to the Putative Class at Presbyterian Homes's expense;

   D. Declaring that Presbyterian Homes committed multiple, separate violations of the FCRA;

   E. Declaring that Presbyterian Homes acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

   F. Awarding statutory damages as provided by the FCRA;

   G. Awarding reasonable attorneys' fees and costs as provided by the FCRA; and

13

H. Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

**DEMAND FOR JURY TRIAL**

51. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and the Putative Class demand a trial by jury.

Dated:

9/13/12

NICHOLS KASTER, PLLP
E. Michelle Drake, MN Bar No. 0387366
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
drake@nka.com

NICHOLS KASTER, LLP
Robert L. Schug, MN Bar No. 0387013
One Embarcadero Center
Suite 720
San Francisco, CA 94111
Telephone: (415) 277-7235
Fax: (415) 277-7238
rschug@nka.com

ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASS