Exhibit 1

 **presbyterian homes & services**

**An Equal Opportunity Employer**

Thank you for your interest in Presbyterian Homes & Services.

If it is your desire to be part of a team with a commitment to serve others and enrich the lives of older adults, we invite you to complete this employment application.

The mission of Presbyterian Homes & Services is to enrich the lives of older adults through services and communities that reflect the love of God.

We are guided by these values:

| | |
|---|---|
| Compassion | Demonstrating an awareness of each person's needs, and doing what it takes to meet those needs. |
| Christian Ministry | Seeking inspirational wisdom. Acting as agents of God's purposes in all we do. |
| Growth & Innovation | Exploring and creating new approaches to improving the quality of life for older adults. |
| People | Treating others as we would like to be treated. Valuing each person in our interactions and relationships. |
| Stewardship | Optimizing, with careful responsibility, the resources and finances of the ministry entrusted to us. |
| Service | Performing our duties and responsibilities with extraordinary diligence. Doing our best. |

Presbyterian Homes & Services (PHS) offers certain policies, benefits, forms, disclosures, notices, records, and other information that I will receive as part of the application process and if I am hired, during our employment relationship electronically on the Internet and on the PHS Intranet ("Information") for my use. Certain state and federal laws, including the federal Electronic Signatures in Global and National Commerce ("E-SIGN") Act may require PHS to obtain my informed consent prior to offering me the Information electronically. I understand that before I submit this application for employment or obtain the Information electronically, I must review and consent to the terms outlined below.

This is to acknowledge and provide my consent to (i) receiving the Information electronically on the Internet and on the PHS Intranet and (ii) using electronic signatures on this application and on other Information. I also acknowledge that my access to the PHS Intranet, which will be provided by PHS if I am hired, meets all hardware and software requirements necessary to view the Information electronically. My consent to receive the Information electronically covers all Information provided as a result of my application for and, if applicable, employment relationship with PHS. At any time upon my request, I may receive a printed copy of Information from my supervisor/department manager or Human Resources, without charge. My consent to receive the Information electronically remains effective until the earlier of (i) my written withdrawal of such consent or (ii) the termination of my employment relationship with PHS. I may withdraw this consent at any time without consequence or fee by providing written notice of withdrawal to my supervisor/department manager or Human Resources.

| Signature | Date |
| james jones | 9/14/2010 11:37 PM |

I understand and agree that signing above and submitting this consent serves as my consent (i) to receiving the Information electronically on the Internet and on the PHS Intranet and (ii) the use of electronic signatures on this application for employment and if I am hired, all other Information.

| Last Name | First Name | Middle Name |
|---|---|---|
| jones | james | moses |

| Address | | |
|---|---|---|
| REDACTED | | |

| City | State | Zip Code |
|---|---|---|
| minneapolis | MN | REDAC |

| Primary Phone | Other Phone | Email Address |
|---|---|---|
| REDAC 9620 | | REDACTED |

Are you legally able to accept employment in the United States of America?

☑ Yes   ☐ No

Answering "yes" to the following questions does NOT automatically disqualify you for employment.

Do you have a relative employed by this organization?

☐ Yes   ☑ No

If yes, list the person's name, title and nature of your relationship:

Are you age 18 or over?

☑ Yes   ☐ No

Have you ever been convicted of any criminal offense (other than a minor traffic violation)?

☐ Yes   ☑ No

IF Yes, state the nature of the crime(s), when and where convicted and status of the case.

**Iowa Applicants Only**: (Answering "yes" will not automatically disqualify you for employment.)

Do you have a record of founded child or dependent adult abuse or have you been convicted of a felony in this state or any other?

☐ Yes   ☑ No

If yes, please explain

| School/Institution (City, State) | Did you Graduate? | Major/Area of Study | Degree |
|---|---|---|---|
| High School Bloom Township Chicago,Ill | ☑ Yes ☐ No ☐ Currently Enrolled | General Studies | N\A |
| College/University Minneapolis Community & Technical College | ☐ Yes ☐ No ☑ Currently Enrolled | Culinary Specialist Certificate , Baking Certificate & Diploma | A.A.S Degree in culinary arts finish my degree |
| Graduate School | ☐ Yes ☐ No ☐ Currently Enrolled | | |
| Business/Trade School | ☐ Yes ☐ No ☐ Currently Enrolled | | |

Please complete all applicable information for the licenses/certifications you currently hold.

| Type | License/Certificate Number | State | Date Issued | Date Expires |
|---|---|---|---|---|
| RN/LPN | | | | |
| TMA/CMA | | | | |
| NAR/CNA/HHA | | | | |
| Please list all other types of licenses/certifications you currently hold. | | | | |
| | | | | |
| | | | | |
| | | | | |

| Are there currently any restrictions on your license(s)/certificate(s)? | ☐ Yes ☐ No ☑ N/A |
|---|---|
| IF YES, please explain. | |

| Has it ever been investigated or restricted? | ☐ Yes ☐ No ☑ N/A |
|---|---|
| IF YES, please explain. | |

How many hours per week are you available to work?
40

What shifts are you available to work?   ☑ Day   ☑ Evening   ☑ Night

Are you willing to work other shifts if required for the position?   ☑ Yes   ☐ No

Why would you like to work for Presbyterian Homes & Services?
Because I can bring my skills to the table and willing learn anything very hard worker take much pride in my work .

What job-related qualifications, skills or experiences could you apply to this desired position?
Serv- safe

Have you ever worked for Presbyterian Homes & Services before?    ☐ Yes ☑ No

| Date(s) | Location(s) | Position(s) |
|---------|-------------|-------------|
|         |             |             |

Have you applied for employment with Presbyterian Homes & Services before?    ☐ Yes ☑ No

| Date(s) | Location(s) | Position(s) |
|---------|-------------|-------------|
|         |             |             |

If currently employed, may we contact your **present employer**?    ☑ Yes ☐ No
If NO, please explain.

Have you ever been discharged or asked to resign from a position?    ☐ Yes ☑ No
If YES, please explain.

Have you ever been employed under a different name?    ☐ Yes ☑ No
If YES, Previous Name(s):

| Name and Address of Employer | Phone Number | | Describe your work or indicate see resume |
|---|---|---|---|
| Three Son Minneapolis | 612-8740880 | | see resume |
| | Dates Employed | | |
| | From May/2010 | To Sept/2010 | |
| | Hourly Rate/Salary 12.00 | | Reason for leaving |
| Job Title working chef | Supervisor chef chet | | still there |

| Name and Address of Employer | Phone Number | | Describe your work or indicate see resume |
|---|---|---|---|
| north memorial medcial ceter | 763-520-5200 | | see resume |
| | Dates Employed | | |
| | From May/2007 | To Feb/2009 | |
| | Hourly Rate/Salary 15.80 \ 15.00 | | Reason for leaving |
| Job Title leadcook \ housekeeper | Supervisor gled \ nancey | | layoff |

I certify that the information I have provided in this application is complete and accurate. I understand that this employment application and any other documents presented to me in the course of applying for a position with Presbyterian Homes & Services are not contracts of employment. I also understand that if I am hired, I will be an at-will employee, which means I may voluntarily leave employment and may be terminated by Presbyterian Homes & Services at any time for any reason, with or without notice. I understand that any oral or written statements to the contrary are expressly disavowed and should not be relied upon. I understand that any offer of employment by Presbyterian Homes & Services is contingent upon (1) providing sufficient documentation necessary to establish my identity and eligibility to work in the United States, (2) successful completion of any pre-employment screening assessment, health assessment, physical examination and/or drug screening test that may be required by Presbyterian Homes & Services, (3) successful completion of a Mantoux test or chest x-ray (if previous Mantoux test has been positive) in compliance with Department of Health regulations, and (4) successful completion of any background checks required by Presbyterian Homes & Services.

I authorize Presbyterian Homes & Services to investigate all statements on this application, including work, education, and other references. I authorize my previous employers (and current employer if so indicated), work and/or education related references, and educational institutions I have attended to provide Presbyterian Homes & Services with all documents and information which it requests in conjunction with my application for employment. I specifically release and waive any and all claims, including, but not necessarily limited to, claims for defamation, libel, and slander, that I may have against any such individual or institution as a result of their compliance with Presbyterian Homes & Services' request for information.

I understand that any false statements or omissions in this application form or otherwise made in the course of applying for employment at Presbyterian Homes & Services, whether oral or in writing, may disqualify me for employment or lead to my subsequent dismissal from employment whenever discovered and I agree that I will not seek to hold Presbyterian Homes & Services liable for such actions.

I understand that Presbyterian Homes & Services promotes healthy lifestyles for its residents and employees. I understand that employees are prohibited from possessing and/or using alcohol, illegal drugs, or tobacco in any form while on-duty or while conducting company business off premises and agree to abide by these restrictions.

My signature below reflects that I have read, understood and agreed to all of the above conditions without reservation.

| Signature | Date |
|---|---|
| james jones | 9/14/2010 11:37 PM |



**presbyterian homes & services**

I understand that as part of the application process for employment with Presbyterian Homes & Services, if I am offered employment, a background investigation will be conducted. This investigation may include, but is not limited to my criminal history and records of sustained maltreatment of vulnerable adults and children. I authorize all of the below listed agencies to perform background investigations of me and to provide Presbyterian Homes & Services with all documents and information which it requests in conjunction with my application for employment. I specifically release and waive any and all claims, including, but not necessarily limited to, claims for defamation, libel, and slander, that I may have against any individual or institution as a result of compliance with Presbyterian Homes & Services' request for information.

I understand that any offer of employment is conditional upon the results of the investigative report, and that failure to provide information necessary to ensure an accurate and complete investigation will result in my disqualification from employment with Presbyterian Homes & Services. I agree that if I have misrepresented or omitted any information that has been requested of me and/or if the result of such investigation is not satisfactory to Presbyterian Homes & Services, any offer of employment made may be withdrawn, or my employment may be terminated immediately and I agree that I will not seek to hold Presbyterian Homes & Services liable for such actions.

Possible Agencies Performing Investigation: Verifications Inc.; Minnesota Bureau of Criminal Apprehension; Minnesota Department of Human Services; Federal Bureau of Investigation; Iowa Department of Criminal Investigation; Iowa Department of Human Services; State of Wisconsin Department of Health & Family Services; State of Wisconsin Justice Department

| First Name<br>james | Middle Name<br>moses | Last Name<br>jones | Maiden Name (if used within last 10 years) |
|---|---|---|---|
| Other Names Used/Known By Within The Last 10 Years | | | |
| Social Security Number<br>REDAC 9563 | | Driver's License Number<br>REDACTE 2212 | |
| Current Street Address<br>REDACTED | | | |
| City<br>minneapolis | State .<br>MN | Zip Code<br>REDA<br>OTEO | County<br>hennpin |
| Prior Street Address<br>REDACTED | | | |
| City<br>minnneapolis | State<br>MN | Zip Code<br>REDAC | County<br>henn |
| List All Other Addresses At Which You Have Lived In The Last 10 Years:<br>REDACTED | | | |
| REDACTED | | | |
| | | | |
| | | | |
| I would like a free copy of my report sent to me at my current address:     ☑ Yes   ☐ No | | | |
| Signature<br>james jones | | | Date<br>9/14/2010 |

This authorization expires one year from date of signature.



presbyterian
homes & services

Exhibit 2



**Federal Trade Commission**
**Protecting America's Consumers**

## UNITED STATES OF AMERICA
## FEDERAL TRADE COMMISSION
## WASHINGTON, D.C. 20580

Division of Credit Practices
Bureau of Consumer Protection
Clarke W. Brinckerhoff
Attorney

September 9, 1998

H. Rowan Leathers, III, Esq.
MANIER & HEROD
First Union Tower - Suite 2200
150 Fourth Avenue North
Nashville, Tennessee 37219

Re: Sections 603(d), 603(f), and 604(b) of the Fair Credit Reporting Act

Dear Mr. Leathers:

This responds to your letter dated concerning the application of the Fair Credit Reporting Act ("FCRA") to Employment Trac ("ET"), your client. ET provides information to prospective employers about the prior work experience of applicants, primarily in the fast food industry. ET provides the information telephonically (i.e., without a written report) on a specific applicant upon request from a subscriber to this service.

You ask three questions, which we report verbatim preceding our analysis of each.

*1. Is ET's provision of this type of information subject to the FCRA?*

Yes. ET is a "consumer reporting agency" ("CRA") because Section 603(f) defines that term to include any party that "for monetary fees . . . regularly engages in . . . assembling . . . information on consumers for the purpose of furnishing consumer reports to third parties" in interstate commerce. Each report on an employment applicant is a "consumer report" because Section 603(d) defines that term very broadly to include any information bearing on a consumer's credit standing, "character, general reputation, personal characteristics, or mode of living" which is used (among other things) to make employment decisions. An individual's employment history, based on data in ET's files, unquestionably bears on his or her character, reputation, and other listed characteristics.

*2. Section 604(b)(2)(A) of the FCRA seems to require that the consumer disclosure be "in a document that consists solely of the disclosure." With regard to this requirement, is it sufficient that the disclosure be prominently set forth within an application for employment, or must it truly be included on a separate document?*

The disclosure may not be part of an employment application, because the language you quote is intended to ensure that it appears conspicuously in a document not encumbered by any other information. The reason for requiring that the disclosure be in a stand-alone document is to prevent consumers from being distracted by other information side-by-side with the disclosure. A disclosure that is combined with many items in an employment application -- no matter how "prominently" it appears -- is not "in a document that consists solely of the disclosure" as required by Section 604(b)(2)(A).

*3. Section 604(b)(3)(A) of the FCRA requires that a copy of the "report" be provided by the user to the consumer prior to adverse employment action being taken based in whole or in part on the report. In this instance, the report provided to the user is a verbal report, and not a written report. We would appreciate some guidance concerning how to provide a "copy of the report" within the context of this transaction.*

The purpose of this section, which was added in the 1996 amendments to the FCRA, is to provide the consumer with knowledge of information the CRA has reported about him or her that is going to result in adverse action in an employment context, affording the individual an opportunity to respond to it.(1) Where a written report exists, as in the case of a traditional

consumer report, Section 604(b)(3)(A) requires that the actual unexpurgated report must be provided to the applicant.(2) Where the employer possesses no written report because the information is provided verbally, as in ET's business, we believe it the employer may comply with Section 604(b)(3)(A) by telling the applicant orally what is in the report before taking adverse action. Because the report itself is oral, an oral "copy" seems the proper method of compliance. An employer that verbally provides to the applicant the report it receives (and informs him or her that ET is the source of the report), before rejecting the application, complies with the provision by conveying information that Congress intended the consumer to know prior to suffering adverse action.

The opinions set forth in this informal staff letter are not binding on the Commission.

Sincerely yours,

Clarke W. Brinckerhoff

1. S. Rept. 104-184, 104th Cong., 1st Sess. 35.

2. The enclosed staff opinion letter (Hahn, 7/8/98) discusses this subsection in that regard.

_____
Last Modified: Friday, June 24, 2011

Exhibit 3

# 40 YEARS OF EXPERIENCE

## WITH THE FAIR CREDIT REPORTING ACT

### AN FTC STAFF REPORT WITH SUMMARY OF INTERPRETATIONS



July 2011
Federal Trade Commission

B.  <u>Employment reports with public record data</u>. An employer must comply with the disclosure and consumer authorization requirements of section 604(b)(2), even where the consumer report is comprised of public records and the CRA has already made the disclosure required by section 613, which specifically covers reports of public record information for employment purposes.[154]

## 2.  WRITTEN DISCLOSURE AND CONSENT REQUIRED

Section 604(b)(2)(A) imposes an obligation on employers. It requires that, before obtaining consumer reports for employment purposes, employers must disclose this fact to each affected consumer in writing and obtain the consumer's written authorization.[155]

## 3.  "IN A DOCUMENT THAT CONSISTS SOLELY OF THE DISCLOSURE"

A.  <u>May include brief description of the nature of consumer reports</u>. The document that sets forth the disclosure to the consumer that a consumer report may be obtained for employment purposes may contain only minor additional items. The document may include a brief description of the nature of the consumer reports covered if the description does not confuse the consumer or detract from the mandated disclosure.[156]

B.  <u>May include consumer authorization</u>. The disclosure document may include the required request for consumer authorization for procurement of a report for employment purposes.[157] If the disclosure notice and the consumer authorization are combined, certain identifying information may be included in the form; however, the notice may not include extraneous or contradictory information, such as a request for a consumer's waiver of his or her rights under the FCRA.[158]

C.  <u>May include investigative consumer report disclosure</u>. If an employer intends to do an investigative consumer report on an employee or prospective employee, it must provide a disclosure under both this section and section 606.[159] An employer may include, with the disclosure required by section 604(b)(2)(A), a very limited notice of intent to procure an investigative consumer report required by section 606(a). However, the employer may not meet its obligation under section 606(b) to describe the nature and scope of the investigation in the same notice, because it would likely overshadow the disclosure required by this section.[160]

D.  <u>May not be included in employment application</u>. The disclosure cannot be part of a printed employment application.[161]

## 4.  TIMING AND EFFECTIVENESS OF DISCLOSURE AND AUTHORIZATION

The required disclosure may be made, and the authorization obtained, when the consumer applies for or commences employment.[162] An employer may use a one-time blanket disclosure, and obtain permission from applicants or current employees to procure consumer reports, at any time during the application process or during the employee's tenure.[163] The disclosure must state "clearly and conspicuously" that the employer intends for the disclosure and authorization to cover both the application for employment and, if the consumer is hired, any additional consumer reports obtained while the individual is an employee.[164] A valid disclosure and consent remain effective throughout the duration of employment.

# Exhibit 4



**Federal Trade Commission**
**Protecting America's Consumers**

## UNITED STATES OF AMERICA
## FEDERAL TRADE COMMISSION
## WASHINGTON, D.C. 20580

Bureau of Consumer Protection

### June 12, 1998

Richard W. Hauxwell, CEO
Accufax Div., Southwest
P.O. Box 35563
Tulsa, OK 74153-0563

Dear Mr. Hauxwell:

## Re: Sections 604 and 606 of the Fair Credit Reporting Act

This is in response to your letter asking for clarification of sections 604 and 606 of the Fair Credit Reporting Act ("FCRA"). You note that your company is a consumer reporting agency and that you are asking these questions on behalf of your clients. Your questions are addressed below in the order in which you presented them.

### 1. Is it safe for us to assume, based on your opinion letter to Mr. Richard Steer, that we can combine the disclosure and release form, which includes applicant identifiers, in one form such as the enclosed sample?

Section 604(b) of the FCRA requires any employer who intends to obtain a consumer report for employment purposes to disclose this to the applicant or employee (in a document that consists solely of the disclosure) and to obtain the applicant or employee's written permission. As noted in the letter you cited (Steer, 10/21/97), it is our position that the disclosure notice and the authorization may be combined. If they are combined, identifying information (such as date of birth, Social Security number, driver's license number, and current and former addresses) may be included in the form. However, the form should not contain any extraneous information.

While we believe that you may combine the disclosure and authorization (and include identifying information) as you have in the draft form that you included with your letter, we note that your draft disclosure includes a waiver by the consumer of his or her rights under the FCRA. The inclusion of such a waiver in a disclosure form will violate Section 604(b)(2)(A) of the FCRA, which requires that a disclosure consist "solely" of the disclosure that a consumer report may be obtained for employment purposes. Moreover, it is a general principle of law that benefits provided to citizens by federal statute generally may not be waived by private agreement unless Congress intended such a result. Brooklyn Savings Bank v. O'Neill, 324 U.S. 697 (1945). We note that no authorization for a waiver is contained in the FCRA; nor does the legislative history show that Congress intended that consumers should be able to sign away their legal rights under the Act.(1) Accordingly, employers and other users of information covered by the FCRA may not require consumers to waive their rights under the law.

### 2. Our members would also like further clarification with regard to Section 606 as to when a Summary of Rights should be provided to the applicant. The language of the law is confusing.

Section 606 of the FCRA mandates that specific procedures be followed when an investi-gative consumer report is requested by an employer or other user who has a permissible purpose to obtain the report. First, Section 606(a)(1)(A) requires any person procuring an investigative consumer report to disclose this fact to the affected consumer not later than three days after the date on which the report was first requested. Second, Section 606(a)(1)(B) requires that the dis-closure include a statement of the consumer's right to obtain additional information and a copy of the summary of consumer rights prescribed by the Commission. Finally, Section 606(b) sets out the information that must be disclosed when the consumer requests a disclosure pursuant to Section 606(a)(1)(B).

The issue that you raise concerns exactly at what point the Commission's summary of rights must be sent. The language of Section 606(a)(1)(B) is not entirely clear in mandating that the disclosure "includes a statement informing the consumer of his right to request the additional disclosures provided for under subsection (b) of this section [the nature and scope of the inves-

tigation] and the written summary of the rights of the consumer prepared pursuant to section 609(c)." As you can see, the reference to the summary of rights comes after a reference to sub-part 606(b), but in a general discussion of the content of the sub-part 606(a)(1)(A) notice.

There are two possible interpretations of this ambiguous language: (1) that Congress in-tended for the summary to be sent with the initial Section 606(a)(1)(A) notice (that an investiga-tive consumer report has been or may be procured); or (2) that Congress intended that the sum-mary be provided with the subsequent Section 606(b) disclosure of the "nature and scope" of the investigation. The Commission's "Notice to Users of Consumer Reports: Obligations of Users Under the FCRA,"(2) states that the summary of rights should be provided with the Section 606(a) notice that an investigative consumer report has been or may be obtained. However, because the statutory language may be interpreted to require that the summary be sent with the subsequent Section 606(b) disclosure, it is unlikely that the Commission's staff would recommend any en-forcement action if the notice is sent with the Section 606(b) notice instead of the Section 606(a) notice.

***3. We would like your opinion regarding end-user organizations which procure criminal and other public record information for employment purposes directly from a federal, state, or county record repository. Would the government repository (agency) providing the information directly to the end-user organization ... requesting the information be considered a consumer reporting agency and subject to the same laws as a privately held consumer reporting agency?***

In general, information that is obtained by an employer directly from a federal, state or county record repository is not a "consumer report" because the repository (such as a courthouse or a state law enforcement agency) is not normally a "consumer reporting agency" and is itself not covered by the FCRA. The attached staff letters (Copple, 6/10/98; Goeke, 6/9/98) discuss this issue in more detail. Therefore, an employer who obtains information directly from a public record source is not subject to the FCRA as to that information. However, because of the fact that information in public record sources may be inaccurate or incomplete, we believe that em-ployers who use this type of information should voluntarily disclose to consumers the nature and substance of any public record information that they rely upon in taking any adverse action. If the information is, in fact, inaccurate or incomplete, the consumer may then take steps to correct the problem.

I hope that this information is helpful to you. The views that are expressed above are those of the Commission's staff and not the views of the Commission itself.

Sincerely,

William Haynes
Attorney
Division of Credit Practices

1. The FCRA is part of the Consumer Credit Protection Act, 15 U.S.C. § 1601. We note that the Truth In Lending Act, which is Subchapter I of the Consumer Credit Protection Act, does permit consumers to waive certain rights.

2. The Commission's notice may be found at 16 C.F.R. § 601, Appendix C (1997).

Last Modified: Friday, June 24, 2011

# Exhibit 5

**FCRA Consumer Rights attached**   **Verifications**ⁱₙᶜ   *Completed report*
E-Mail

**Order No:** 6510858

TO:   **Buff Johnson**
      **PRESBYTERIAN HOMES AND SERVICES (THE GARDENS)**
      9889 PENN AVE. S.
      BLOOMINGTON,  MN 55431

Phone:   (952) 948-3030   Ext:
FAX:     (952) 948-3017

E-Mail:  bjohnson@preshomes.org

| 10-10-55548 | CI:044904 | **BACKGROUND INVESTIGATION REPORT** | PR-10/22/10 |

**Applicant: JONES, JAMES MOSES**
REDACTED
MINNEAPOLIS ,  MN  REDACTED

**Date Entered:**   10/21/10

**Page:**   1

**Aka:**   None

**SS No:**   XXX-XX-9563

## Investigation Summary

| Verification Type Information Source | --------Verification Status--------- | | | | Outstanding Performance | Concern / Discrepancy |
|---|---|---|---|---|---|---|
| | Complete | Closed | N/A | Pending | | |
| **County-10 Year** | | | | | | |
| MINNESOTA/HENNEPIN | [X] | [ ] | [ ] | [ ] | [ ] | [ ] |

*Please note, an applicant copy has been requested and will be sent upon completion of the report.*

The information in this report may have been obtained from third-party sources who maintain this information. If this report includes criminal record searches, please note that some minor charges may have been processed in a lower court which has no central reporting location. These types of charges, therefore, may not be included herein. Though Verifications, Inc. (VI) has made every effort to provide accurate information, the accuracy and/or completeness of the information provided cannot be guaranteed. By engaging VI, you release VI, all of its officers, agents, and employees from all liability for any negligence associated with providing the enclosed information.

*This information is Confidential and may be used only by authorized personnel.*

1425 Mickelson Drive, Suite 100,  Watertown, SD  57201 USA
Voice #: (800)247-0717,  FAX #: (605) 884-1140 & (800)248-0943
www.verificationsinc.com, info@verificationsinc.com





Page 2 of 2

**Applicant:  JONES, JAMES MOSES**
**SSN:  XXX-XX-9563**

Date Entered:     10/21/10

---

## 10 Year County Criminal                                                PR-10/22/10

---

**Source:   MINNESOTA/HENNEPIN**                                          **Complete**

*Review Dates Starting:*       2000
*Ending:*                      2010
*Criminal Search Results:*     A criminal record search must be conducted by a researcher or court
clerk at this location.  The information was requested on 10/21/10 and
will be forwarded upon receipt.

-------------------- 10/22/10 Verification Completed --------------------
No felony or misdemeanor convictions or outstanding warrants were
found in the above jurisdiction from 2000 to 10/22/10, using all names
provided.

The starting and ending dates shown above refer to the minimum
number of years searched.  Actual years searched may be greater and
is dependent upon record availability in this repository using standard
search methods.  Information reported includes available records for the
maximum period allowed under applicable law.

**End of report**

*This information is Confidential and may be used only by authorized personnel.*

1425 Mickelson Drive, Suite 100,  Watertown, SD  57201 USA
Voice #: (800)247-0717,  FAX #: (605) 884-1140 & (800)248-0943
www.verificationsinc.com, info@verificationsinc.com

